IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Nos.: 8:13 - 724 |
| | ) | 8:13 - 726 |
| v. | ) | |
| | ) | |
| AMERICAN SCREW AND | ) | |
| RIVET CORPORATION | ) | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this _12th_ day of _December_ , 2013, between the United States of America, as represented by United States Attorney WILLIAM N. NETTLES, Assistant United States Attorney William C. Lucius; the Defendant, **AMERICAN SCREW AND RIVET CORPORATION**, and Defendant's attorney, JAMES M. GRIFFIN.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1.    The Defendant agrees to plead guilty to counts 2, 4, 6, 8, 10, and 12 of indictment number 8:13-724 which charge "bank fraud," violations of Title 18, United States Code, §1344 and § 2; and indictment number 8:13-726 which charges one count of storing hazardous wastes without a permit,   a violation of Title 42, United States Code, § 6928(d)(2)(A) and § 2.

2.    The Defendant understands and agrees that monetary penalties [ i.e., special assessments, restitution, fines and other payments required under the sentence]

imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m).

The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $400.00 on each felony count for which the Defendant is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by the Defendant's scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims.

C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.    The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and its representative complying with any bond executed in this case.   In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw its plea of guilty to the offense(s) enumerated herein.

## Forfeiture

4.    Subject to the disposition of the bankruptcy cases involving the Defendant and Nancy M. Stein, the Defendant agrees to voluntarily surrender to, and not to contest forfeiture of, any and all assets and property, or portions thereof, which are subject to forfeiture pursuant to any provision of law, including but not limited to, property in the possession or control of the Defendant or Defendant's nominees. Specifically, the Defendant agrees to consent to and not to contest a money judgment in the amount listed in the Indictment representing the amount of gross proceeds of the offense(s) of conviction.

Following the entry of this plea agreement, Defendant agrees to the Court's prompt entry of a Preliminary Order of Forfeiture incorporating a money judgment as mandated by Fed.R.Crim.P. 32.2, which shall in any event, be submitted for entry before sentencing. Defendant acknowledges that  it understands that the entry of a forfeiture money judgment is part of the sentence that will be imposed

-3-

in this case, and waives any failure by the Court to advise of this, pursuant to Rule 11(b)(1)(J) or otherwise, at any time the guilty plea is accepted.

The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture, assets disclosed by the Defendant as part of cooperation. The Defendant further agrees that its representative will submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as

provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

The assets to be forfeited specifically include, but are not limited to, a money judgment representing the amount of gross proceeds of the offense(s) of conviction.

The Defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the Defendant up to the value of the money judgment. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The Defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the Defendant's sentence.

### Merger and Other Provisions

5.     The Defendant represents to the court that its representative has met with its attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant's representative has been truthful with its attorney and related all information of which the representative is aware pertaining to the case; that possible defenses, if any, to the charges including the existence of any exculpatory or favorable evidence or witnesses have been discussed as well as the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-

examine the government's witnesses, the Defendant's representative's right to testify on  behalf of the Defendant, or to remain silent and have no adverse inferences drawn from such silence; and that the Defendant's representative, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's representative's free and voluntary choice, and not as a result of pressure or intimidation by any person.

6.    The Defendant and the Government stipulate and agree that  for purposes of calculating the Defendant's sentence pursuant to the advisory United States Sentencing Commission Guidelines:  The aggregated loss amount will not exceed $20,000,000.00.

The Defendant understands that this stipulation is not binding upon he Court or the United States Probation Office, and that the Defendant has no right to withdraw her plea should this stipulation not be accepted.  Further, the Defendant understands and acknowledges that this stipulation is binding on the Government only in the event that the Defendant complies with ALL of the terms of this Agreement and does not contest the above stipulation or any readily provable relevant conduct.

7.    The Government agrees to recommend to the Court that for purposes of calculating the Defendant's sentence pursuant to the advisory United States Sentencing Commission Guidelines that the sentences for both cases be concurrent in all respects.    The Defendant's representative understands that this

recommendation is not binding upon the Court or the United States Probation Office, and that the Defendant has no right to withdraw its plea should it not be accepted. Further, the Defendant's representative understands and acknowledges that this recommendation is binding on the Government only in the event that the Defendant complies with ALL of the terms of this Agreement and does not contest the recommendation or any readily provable relevant conduct.

8.      Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of Indictment number 8:13-724 at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

9.      The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant's representative, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. (This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct raised pursuant to 28 U.S.C. § 2255.)

10.     The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case,

-7-

including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

11.    The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

Dec. 12, 2013
Date

AMERICAN SCREW AND RIVET
CORPORATION, DEFENDANT
By its ACTING PRESIDENT
(Resolution Attached)

Dec. 12, 2013
Date

JAMES M. GRIFFIN
ATTORNEY FOR THE DEFENDANT

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

December 12, 2013
Date

WILLIAM C. LUCIUS
ASSISTANT U. S. ATTORNEY

-8-